IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 6 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| RANDY KEITH SEIBEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:15-CV-903-A |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed by petitioner, Randy Keith Seibel, a state
prisoner incarcerated in the Correctional Institutions Division
of the Texas Department of Criminal Justice (TDCJ) against Lorie
Davis, Director of TDCJ, respondent. After having considered the
pleadings, state court records, and relief sought by petitioner,
the court has concluded that the petition should be dismissed as
time-barred.

### I.  Factual and Procedural History

On December 10, 2012, petitioner was convicted by a jury in

---

[1]Effective May 4, 2016, Lorie Davis replaced William Stephens as
director of the Correctional Institutions Division of the Texas Department of
Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is
automatically substituted as the party of record.

the Criminal District Court Number Four of Tarrant County, Texas, Case No. 1195090D, of capital murder under the law of parties, and the trial court sentenced him to life imprisonment without parole. (State Habeas R. at 73.[2]) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment and, on June 11, 2014, the Texas Court of Criminal Appeals (hereinafter Court of Criminal Appeals) refused petitioner's petition for discretionary review. (Mem. Op. at 21; Docket Sheet at 1 & 4.) Petitioner did not seek writ of certiorari. (Pet. at 3.) On May 6, 2015,[3] petitioner filed a state habeas application challenging his conviction, which was denied by the Court of Criminal Appeals on July 15, 2015, without written order on the findings of the trial court. On August 20, 2015, the clerk of the Court of Criminal Appeals "received" petitioner's untimely motion for reconsideration, which was dismissed on August 27, 2015, pursuant to Rule 79.2(d)

---

[2]"State Habeas R." refers to the record of petitioner's state habeas proceeding in WR-83,471-01.

[3]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date petitioner placed the document in the prison mailing system, however the prison mail log indicates the document was received in the prison mailroom for mailing on May 6, 2015. (Resp't's Preliminary Answer, Ex. A.) For purposes of this opinion, petitioner's state habeas application is deemed filed on that date. *Houston v. Lack,* 487 U.S. 266, 275 (1988).

2

of the Texas Rules of Appellate Procedure.[4] (Resp't's Preliminary Answer, Ex. B) This federal habeas petition was filed on November 23, 2015.[5]

The state appellate court set forth the facts of the case as follows:

> Seibel was charged with capital murder after he participated with four other men in the robbery of a convenience store, which they had unsuccessfully planned twice before. During the robbery, one of the participants - Kwame Rockwell - shot Jerry Burnett (who was delivering bread at the time of the robbery), injuring him. After the store clerk - Daniel Rojas - showed the men where the store's money was kept, Rockwell shot Rojas in the head, killing him. After the men left the store, Burnett called 911. Burnett later died from his injury.

---

[4]Rule 79.2(d) states:

A motion for rehearing an order that denies habeas corpus relief under Code of Criminal Procedure, articles 11.07 or 11.071, may not be filed. The Court my on its own initiative reconsider the case.

Tex. R. App. P. 79.2(d).

[5]Similarly, an inmate's federal habeas petition is deemed filed when the document is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). In the petition, petitioner indicates that he placed the document in the prison mailing system on November 17, 2015, however the prison mail log reflects the document was received in the prison mailroom for mailing on November 23, 2015. For purposes of this opinion, the petition is deemed filed on the latter date. *See Houston*, 487 U.S. at 275-76 (providing: "The bright-line rule recognizing receipt by prison authorities as the moment of filing will . . . decrease disputes and uncertainty as to when a filing actually occurred, since such authorities keep detailed logs from recording the date and time at which they receive papers for mailing and can readily dispute a prisoner's contrary assertions. Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one.").

(Mem. Op. at 2.)

## II.   Issues

Petitioner challenges his conviction on six grounds. (Pet. at 6-7 & insert.)

## III.   Statute of Limitations

Respondent contends the petition is time-barred. (Resp't's Preliminary Answer at 4-12.) The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With the limited exceptions under (B), (C) and (D), which are not applicable here, the limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's judgment of conviction became final by the expiration of the time he had for filing a timely petition for writ of certiorari in the United States Supreme Court on September 9, 2014, triggering the limitations period, which expired one year later on September 9, 2015, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Under the statutory provision, the federal limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). Thus, petitioner's properly-filed state

5

habeas application operated to toll the limitations period 71 days, making petitioner's federal petition due on or before November 19, 2015.

Respondent asserts that petitioner's motion for reconsideration did not operate to further toll limitations under the statutory provision because, unlike in *Emerson, Lookingbill* and related Fifth Circuit cases, the Court of Criminal Appeals did not *actually consider* the motion. *Emerson v. Johnson,* 243 F.3d 931, 935 (5th Cir. 2001); *Lookingbill v. Cockrell,* 293 F.3d 256, 261 (5th Cir. 2002). Although respondent acknowledges that in the more recent decision in *Hooks*, the Fifth Circuit held that actual consideration of a motion for reconsideration or rehearing by the Court of Criminal Appeals is not a requirement, she asserts the *Hooks* decision is unpublished and, under the Fifth Circuit's own rules, may not be cited or relied on as precedent.

Texas law provides that "[a] motion for rehearing an order that denied habeas corpus relief . . . may not be filed." TEX. R. APP. P. 79.2(d) (West 2003). Despite this prohibition, the Court of Criminal Appeals has entertained such motions on its own initiative. *Emerson v. Johnson,* 243 F.3d 931, 934 (5th Cir. 2001). Under these circumstances, the Fifth Circuit has held that a properly filed motion for reconsideration or rehearing in a

state habeas case tolls the running of the federal limitations
period "as long as the Texas courts take to resolve the motion."
*Lookingbill,* 293 F.3d at 261; *Emerson,* 243 F.3d at 935. *See also
Melancon v. Kaylo,* 259 F.3d 401, 406 (5th Cir. 2001) (holding
that "the clock should not start running again between the date
of the state trial court's disposition of a state habeas petition
and the petitioner's <u>timely filing</u> for direct review at the next
level" (emphasis added)).

Petitioner's case is distinguishable from *Emerson* and
*Lookingbill.* Here, petitioner's motion for reconsideration was
untimely under state law and the Court of Criminal Appeals made
no ruling on the motion. *See* Tex. R. App. P. 79.1 ("A motion for
rehearing may be filed with the Court of Criminal Appeals clerk
within 15 days from the date of the judgment or order."). Thus,
he has not demonstrated that his motion for reconsideration was
properly filed. Therefore, if petitioner is not entitled
equitable tolling, his petition is untimely.

For equitable tolling to apply, a petitioner must show "'(1)
that he has been pursuing his rights diligently and (2) that some
extraordinary circumstance stood in his way'" and prevented him
from filing a timely petition or he can make a convincing showing
that he is actually innocent of the crime for which he was

convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)).

Petitioner attributes his delay to his indigence, pro-se status, ignorance of the law, difficulty obtaining state-court records, and limitations on the time he can spend in the prison law library. (Pet'r's Mem. at V.) However, these are common problems for inmates trying to pursue postconviction habeas relief and do not warrant equitable tolling. *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999).

Nor does petitioner make a showing of actual innocence. In *McQuiggin v. Perkins,* the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). 133 S. Ct. 1924, 1932-33 (2013). "[T]enable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless

8

constitutional error." *Id.* at 1928, 1936 (quoting *Schlup,* 513 U.S. at 316). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup,* 513 U.S. at 326-27. *See also House v. Bell,* 547 U.S. 518, 539-54 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). Petitioner presents no *new* evidence of his innocence or convincing argument that he is actually innocent. He merely claims that he is actually innocent because the indictment did not contain an allegation on the law of parties. The indictment, however, is not "new evidence."

Therefore, petitioner's federal petition was due on or before November 19, 2015, and his petition filed on November 23, 2015, is untimely.

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

9

dismissed as time-barred. It is further ORDERED that a

certificate of appealability be, and is hereby, denied.

SIGNED December 6, 2016.


JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE